## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. McNATT. (No. 7101.)

(Court of Civil Appeals of Texas. Dallas. April 4, 1914. Rehearing Denied April 25, 1914.)

1. CARRIERS (§ 320*)—INJURY TO PASSENGER—TAKING QUESTION FROM JURY—TESTIMONY PHYSICALLY IMPOSSIBLE.

In an action for injuries to plaintiff's wife, where the allegations of the complaint were established by the wife's testimony alone, her testimony that she received serious and permanent internal injuries, which caused a miscarriage, when another coach or train came into violent collision with the coach in which she was a passenger, thereby throwing her against the arm of a seat, was not physically impossible, so as to require its rejection by the court and a directed verdict for the defendant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

2. TRIAL (§ 252*)—REQUESTED INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In an action for injuries to a passenger, where the defendant pleaded contributory negligence, but there was no evidence to support that defense, it was proper to refuse a special charge requested by the defendant on that issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

3. APPEAL AND ERROR (§ 1060*)—HARMLESS ERROR—ARGUMENT OF COUNSEL.

Remarks by plaintiff's counsel in his argument to the jury which he withdrew upon objection, were not prejudicial, where the size of verdict did not indicate that they in any way affected the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

**4. CARRIERS (§ 321*)—CARRIAGE OF PASSENGERS—INSTRUCTIONS—WARNING TO PASSENGER.**

In an action for injuries to plaintiff's wife, caused by an unusual jar to the coach in which she was a passenger, where there was no evidence that she had warning that a coupling was about to be made between coaches, an instruction which predicated a verdict for the plaintiff upon a finding, among other things, that the collision was without notice or warning was not erroneous, since she was not bound to anticipate the rough handling of the train.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

**5. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS—TRIVIAL DEFECT.**

An instruction, allowing plaintiff to recover for damages "suffered" by himself and wife by reason of injuries to the wife, is not prejudicial because of the use of the word "suffered" instead of "sustained," since it would not cause a larger verdict to be rendered than otherwise would have been.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

**6. DAMAGES (§ 132*)—EXCESSIVE DAMAGES—PERSONAL INJURIES.**

A verdict of $1,500 for internal injuries to plaintiff's wife, which resulted in a permanent displacement of her internal organs, and in a miscarriage and permanent disability, was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by W. J. McNatt against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

E. B. Perkins, of Dallas, and Crosby, Hamilton & Harrell, of Greenville, for appellant. Evans & Carpenter, of Greenville, for appellee.

RAINEY, C. J. We find the statement of the case in appellant's brief correct, which is as follows: "Appellee, W. J. McNatt, brought this suit in the district court of Hunt county against appellant, the St. Louis Southwestern Railway Company of Texas, to recover damages on account of injuries alleged to have been received by his wife, Lura McNatt, on the 19th day of February, 1912, while a passenger on defendant's train from Ft. Worth to Greenville, Tex. It was averred in the petition "that at Noel Junction, which is a station on defendant's said line of railway, while the said train was stationary, and while plaintiff's said wife was seated therein, the agents and servants in charge of another train or engine, or of the engine or some of the cars composing the train on which she was a passenger, caused or permitted such engine and car or cars to run against and collide with the coach in which plaintiff's wife was riding with great, unusual and unnecessary force, and without notice or warning to plaintiff's wife, causing her to be thrown against the arm or some other part of the seat or car, injuring her, as hereinafter alleged; that at said time plaintiff's said wife was advanced several months in pregnancy; that the aforesaid sudden, violent, and unanticipated movement of the train strained plaintiff's wife in the small of the back, injuring, lacerating, stretching the spinal cord muscles, ligaments and nerves thereof, and strained, lacerated, and otherwise injured her ovaries, and especially producing prolapsus of the right ovary, and straining, lacerating, and otherwise injuring the womb, and female and pelvic organs, producing inflammation of the womb and ovaries, shocking and lacerating and straining her nerves and nervous system, causing her to suffer great physical and mental pain, which she then suffered, and has continued to suffer, since said date and will reasonably so suffer in the future; and she was thereby further caused to suffer great physical and mental pain, and especially bearing down pains in the back and pelvic region, and was threatened with miscarriage, which resulted in premature birth of the child, resulting in its death, and she has been rendered wholly unable to do or perform any labor, and she has been confined to her bed, and is still so confined; that her said injuries are permanent." "Appellant urged a general demurrer and a number of special exceptions to the petition, which were overruled. Appellant interposed the general issue, and the plea of contributory negligence and assumed risk. The case was tried before a jury, and there was a verdict and judgment for appellee for $1,500."

We find that the material allegations of plaintiff's petition were established alone by the testimony of Mrs. McNatt.

[1] Appellant complains of the failure of the court to instruct a verdict for defendant, as the evidence was insufficient to support the verdict. The proposition is submitted that "the testimony of a witness, uncontradicted by the statement of any other witness, should be rejected, if known physical situations or matters of common knowledge show that the witness is mistaken, or that the testimony cannot be true; and, where the verdict and judgment rest solely upon such evidence, and the lower court has refused a peremptory instruction, the appellate court should reverse such judgment." We agree with counsel that if the evidence shows that it is a physical impossibility for Mrs. McNatt to have been injured in the manner as testified to by her, then the jury should have returned a verdict against appellee, but we do not view the testimony in that light. We cannot say that it was an impossibility for her to have been injured in the manner she testified she was hurt, and, this being so, it was peculiarly a question for the jury to determine whether they would accept her evidence or reject it.

The claim that Mrs. McNatt was suffering

with the same troubles before she came to Texas that she now complains of is not conclusively shown, and there was evidence that she had recovered from any troubles she may have had, if any, before coming to Texas, and the evidence was such as to warrant the jury in returning the verdict they did.

The second and third assignments of error raise practically the same question we have just considered, and we will not consider them further.

[2] The fourth and fifth assignments complain of the court's refusal of a special charge on contributory negligence. There is no evidence that raises the issue of contributory negligence in our opinion, therefore no error in the court's not giving said charge.

[3] The sixth assignment complains of the remarks of counsel in his argument to the jury. We are of the opinion no injury resulted to appellant from such remarks. Upon objection the remarks were withdrawn, and the size of the verdict does not indicate that the remarks in any way affected the jury.

[4] The seventh assignment of error complains of the third paragraph of the court's charge, which reads: "If you believe from the evidence that on or about February 19, 1912, plaintiff's wife was a passenger on one of defendant's trains, and that at Noel Junction defendant's employés in charge of one of its trains negligently caused a collision to occur between the coach in which she was sitting and another car or train of cars, with unusual and unnecessary force, without notice or warning to plaintiff's said wife, and that such collision, if any, caused her to be thrown against the arm of the seat in which she was sitting, and injured her in any or all of the ways alleged in plaintiff's petition, and that such acts or omissions, if any, on the part of said employés was negligence, as that term is herein defined, which proximately caused such injuries and damages, if any, you will find for plaintiff, unless you find for defendant under other portions of this charge." The criticism is to the language of the court, "without notice or warning" to plaintiff's wife, etc. We see no error in this respect. There was no evidence tending to show that Mrs. McNatt was apprised that the coupling would be made with unusual or unnecessary force, nor was Mrs. McNatt called upon to anticipate such rough handling of the train, and there is no error in the court's charge.

[5] The eighth assignment complains of the court's charge on the measure of damages, which is: "If you find for plaintiff you will allow him such sum as will fairly and reasonably compensate him for the damage, if any, suffered by himself and wife by reason of said injuries, if any; and, in this connection, you may take into consideration physical and mental pain suffered by Mrs. McNatt, if any, and that she will suffer, if you find from the evidence that she will continue to suffer, and diminished capacity, if any, of plaintiff's wife to perform work and labor."

[6] If the court had used the word "sustained" in place of the word "suffered" in the third line of said charge, there could have been no room for criticism. He did sustain damages for the injuries his wife received, and could recover damages for his wife's pain and suffering, both mental and physical; also for diminished capacity of his wife to perform work and labor. We are of the opinion that the charge as written did not cause a larger verdict to be rendered by the jury than would otherwise have been.

The ninth assignment complains of the verdict as excessive. If the testimony of Mrs. McNatt is true as to the injury and her suffering, the appellant is fortunate in getting off so light.

We think there is no merit in the tenth assignment of error, and it is overruled.

The judgment is affirmed.